**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSEPH NEIL BRONSON, JR.,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **CIVIL NO. 19-2163 (RAM)** |

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Petitioner Joseph Neil Bronson Jr.'s ("Petitioner" or "Mr. Bronson") *Rule 60(b)(6) Motion* (the "*Motion*") at Docket No. 97. For the reasons set out below, the *Motion* is **DENIED**.

### I. BACKGROUND

In October 2015, Petitioner was indicted with one count of attempted sex trafficking of children under 18 U.S.C. §§ 1591(a)(1) and 1594(a). (Docket No. 66 at 3-4). Petitioner subsequently plead guilty to a lesser included offense within Count One of the Indictment. (<u>United States v. Bronson</u>, Criminal No. 15-618, Docket Nos. 94 at 1-3 and 97 at 1). In March 2017, Petitioner was sentenced to 135 months' imprisonment followed by ten years of supervised release, alongside $100.00 in criminal monetary penalties. (<u>United States v. Bronson</u>, Criminal No. 15-618, Docket No. 107 at 2-3, 7). Petitioner appealed his sentence, but the First Circuit dismissed

his appeal in December 2018 because: (a) his sentence was within the minimum potential guideline range and the range agreed upon in his plea agreement; and (b) a waiver of appeal had been stipulated. (Docket No. 66 at 4).

In December 2019, Petitioner filed a timely *pro se* motion under *28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*. (Docket No. 2). The motion essentially sought relief for a Fed. R. Crim. P. 11 error and ineffective assistance of counsel. Id. The Government responded, and Petitioner submitted a *Reply*. (Docket Nos. 19 and 26). The Court denied Petitioner's motion on August 2, 2022, pointing to multiple reasons why Petitioner's request for relief under § 2255 could not succeed. (Docket No. 66). Final judgment was entered the same day, dismissing Petitioner's case with prejudice. (Docket No. 67). Over the last two years, Petitioner has continued to seek relief with this Court and on appeal. The present *Motion* seeks relief from the final judgment under Fed. R. Civ. P. 60(b)(6), claiming that new evidence exists rendering dismissal of Petitioner's case inappropriate. (Docket No. 97).

## II. DISCUSSION

### A. Applicable Law

Rule 60 of the Federal Rules of Civil Procedure provides relief from a final judgment, order, or proceeding under limited circumstances. Fed. R. Civ. P. 60(b). Rule 60(b)(1)-(5) lists five

sets of applicable conditions, including Rule 60(b)(2) which applies to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). Additionally, Rule 60(b)(6) operates as a catch-all provision as it allows a party to seek relief "for any other reason that justifies relief." To balance the need for finality with the "desirability of resolving disputes on the merits," Rule 60(b) motions must be made within a reasonable time and, if brought under Rule 60(b)(1)-(3), must be made "no more than a year after the entry of judgment." Cotto v. United States, 993 F.2d 274, 277-78 (1st Cir. 1993); Fed. R. Civ. P. 60(c)(1); see also Ackermann v. United States, 340 U.S. 193, 198 (1950) ("there must be an end to litigation someday").

While Rule 60(b)(6) operates as a catch-all provision, it "may not be used to escape the consequences of failure to take a timely appeal." Cotto, 993 F.2d at 278; Ungar v. Palestine Liberation Org., 599 F.3d 79, 84 (1st Cir. 2010) (describing Rule 60(b)(6) as a "catch-all"). Furthermore, Rule 60(b)(6) is appropriate only when "none of the first five subsections pertain" and cannot be used to circumvent those subsections. Cotto, 993 F.2d at 278 (citations omitted).

District courts retain "considerable discretion" in deciding motions brought under Rule 60(b). Cotto, 993 F.2d at 277. The First Circuit has held that it is "the invariable rule, and thus, the

rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co. Inc. et al., 953 F.2d 17, 20 (1st Cir. 1992) (citations omitted). While a movant does not need to show an "ironclad claim or defense which will guarantee success at trial, it must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake." Id. at 21. In the context of Rule 60(b)(6) motions, district courts should grant the motions "only where exceptional circumstances justifying extraordinary relief exist." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (citing Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997) (citing Valley Citizens for a Safe Env't v. Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992))).

**B. Petitioner's *Motion* Does Not Satisfy Rule 60(b)**

The Court concludes that Petitioner's *Motion* fails to show that vacating the final judgment would not be "an empty exercise," Petitioner's claims should have been brought under Rule 60(b)(2), and Petitioner's *Motion* is time-barred under Rule 60. Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59, 953 F.2d at 20; (Docket No. 97).

*i. Relief under Rule 60 is unwarranted*

As a preliminary matter, Petitioner has not shown that "exceptional circumstances justifying extraordinary relief exist" or that he has a meritorious claim for relief that would allow him to succeed under Rule 60. Ahmed, 118 F.3d at 891 (citations omitted). Petitioner argues that "his witness testimonies, in support of ineffective assistance of counsel, and actual innocence, have 'only now come forward.'" (Docket No. 97 at 2).

However, Petitioner's argument lacks merit or a showing of exceptional circumstances justifying relief. *See* Ahmed, 118 F.3d at 891. The proposed "new" evidence in the *Motion* consists of letters from Mr. Bronson's sister and mother, a series of Internet articles, and what appears to be a handwritten psychiatric report. (Docket No. 97-1). The latter two submissions appear irrelevant to Petitioner's *Motion*. On the other hand, the letters from Mr. Bronson's family consist of opinions that Petitioner is innocent, claims that Petitioner's counsel was ineffective and inadequate, and assertions that they can now testify as to Petitioner's innocence, despite not being available previously. Id. at 1-15.

While the Court sympathizes with Mr. Bronson's relatives, their opinions of his innocence are neither material nor persuasive, and their letters do not contain relevant new information. Instead, they recount their impressions of Petitioner's treatment by his counsel and his mental state prior

to sentencing **based in part on contemporaneous conversations with Petitioner and Petitioner's messages with his counsel.** (Docket No. 97-1 at 4-7, 14-15). These submissions cannot be considered new or newly discovered evidence to which Rule 60(b) applies, and Petitioner submits no additional arguments that indicate the *Motion* could succeed on the merits. (Docket No. 97). The Court sees no reason to justify vacating its previous judgment, as doing so would almost certainly be "an empty exercise." Teamsters, Chauffeurs, Warehousemen and Helpers Union, 953 F.2d at 20; *see also* Cotto, 993 F.2d at 277.

   *ii. Petitioner's Motion belongs under Rule 60(b)(2)*

Although Petitioner labels the *Motion* as seeking relief under Rule 60(b)(6), it is better categorized under Rule 60(b)(2). Fed. R. Civ. P. 60(b); (Docket No. 97 at 1). Petitioner's purported "new evidence" is not actually "new," rather it is at most "newly discovered." Fed. R. Civ. P. 60(b)(2).

Petitioner argues that he has uncovered "new evidence" in the form of witness testimony that "have 'only now come forward'" and "who are now only 'available to provide first-hand information'" in support of Petitioner's "ineffective assistance of counsel claims, actual innocence, and the involuntary/unintelligent nature of his guilty plea." (Docket No. 97 at 2). Unfortunately for Petitioner, his own words betray him. The exhibits submitted by Petitioner indicate that his witnesses are not providing new

information, but instead recounting their availability to testify at trial in 2017. (Docket Nos. 97-1 and 97-2). Even if, *arguendo*, this constitutes newly discovered evidence, Petitioner has not shown that it could not have been previously discovered "with reasonable diligence." Fed. R. Civ. P. 60(b)(2); (Docket No. 97).

Furthermore, the applicability of Rule 60(b)(2) to the *Motion* is dubious. As discussed above, the contents of these letters rely at least partially on discussions with Petitioner and their review of Petitioner's messages with his counsel that took place in and around 2017. (Docket No. 97-1 at 4-7; 14-15). Petitioner cannot persuasively claim that he lacked previous knowledge of his own statements to his family and counsel, further indicating there is no new or newly discovered evidence to which Rule 60 applies.

*iii. Petitioner's Motion is untimely under Rule 60(c)(1)*

Although the Court concludes that Petitioner's Motion is best categorized under Rule 60(b)(2), it is ultimately untimely regardless of where it falls under Rule 60(b). Assuming the *Motion* is best labeled as a Rule 60(b)(2) motion, it is time-barred. Fed. R. Civ. P. 60(c)(1). Petitioner filed his *Motion* on May 28, 2024, while final judgment was entered on August 2, 2022. (Docket Nos. 67 and 97). As more than a year has passed between the entry of judgment and the filing of Petitioner's *Motion*, he cannot now seek relief under Rule 60. Fed. R. Civ. P. 60(c)(1).

Furthermore, the *Motion* would still be time-barred even if it is evaluated under a Rule 60(b)(6) standard because it was not filed within a reasonable time, as required by Rule 60(c)(1). Here, Petitioner filed the *Motion* in May 2024, **almost two years after the entry of final judgment** in August 2022. (Docket Nos. 67 and 97). The Court finds this delay to be unreasonable, especially considering Mr. Bronson filed a flurry of litigation within the same timeframe, including multiple appeals and a writ of certiorari to the Supreme Court. (Docket Nos. 69; 73; 74; 76; 79; 86 and 91); (United States v. Bronson, Criminal No. 15-618). The *Motion* also states that "it was as early as 2019 that Bronson was generally 'informed'...that testimonial evidence would 'eventually'" be available for his habeas corpus and actual innocence claims. (Docket No. 97 at 2). However, Petitioner still filed the *Motion* five years after learning about this information, almost two years after final judgment was entered, and offers no persuasive reason for the delay. (Docket Nos. 67 and 97).

Finally, the bulk of Petitioner's *Motion* repeats arguments that the Court has previously rejected, such as claims that he was convicted of "purely objective attempt to attempt" and that his guilty plea "could not have been made knowingly and voluntarily" given the alleged absence of a satisfactory definition of an attempt offense. (Docket No. 97 at 4-24) (emphasis omitted). Weighing the lack of substantive content in Petitioner's *Motion*

against the time taken to file it, the Court concludes the timing of the *Motion* is unreasonable and therefore time-barred under Rule 60. This is true regardless of whether the *Motion* falls within Rule 60(b)(2) or Rule 60(b)(6). Fed. R. Civ. P. 60(c)(1).

### III. CONCLUSION

Despite Petitioner's repeated attempts to avoid the requirements of his original plea agreement, litigation must end someday. *See* Ackermann, 340 U.S. at 198. Upon review of Petitioner's Motion, the Court cannot justify relief under Rule 60. Therefore, Petitioner's *Rule 60(b)(6) Motion* at Docket No. 97 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of December 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE