IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>JOSEPH NEIL BRONSON, JR.,<br><br>**Defendant**. | **CIVIL NO. 19-2163 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On February 12, 2025, the United States Court of Appeals for the First Circuit issued an order requesting that this Court issue or deny a certificate of appealability in relation to its opinion and order at Docket No. 100. (Docket No. 108). For the reasons set forth below, a certificate of appealability is **DENIED**.

On December 11, 2024, the Court issued a final order denying Petitioner Joseph Neil Bronson Jr.'s ("Petitioner" or "Mr. Bronson") *Rule 60(b)(6) Motion* (the "*Motion*") at Docket No. 97. (Docket No. 100). The Court denied the *Motion* on the following grounds: (i) Petitioner's arguments lacked merit or a showing of exceptional circumstances for which Rule 60(b) relief could be granted; (ii) Petitioner did not show relief was justified under Rule 60(b)(2) or 60(b)(6); (iii) Petitioner's *Motion* was untimely, regardless of which provision of Rule 60(b) applied; and (iv) the

*Motion* lacked substantive content, instead repeating arguments this Court had previously considered and rejected. Id.

Petitioner filed a *Notice of Appeal* on December 13, 2024. (Docket Nos. 102 and 104).[1] On February 12, 2025, the First Circuit filed an order which requested that this Court issue or deny a certificate of appealability and forward its decision to the First Circuit. (Docket No. 108).

In the context of proceedings brought under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this "substantial showing," a petitioner seeking a certificate of appealability must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel 529 U.S. 473, 484 (2000); *see also* United States v. Colburn et al., 488 F.Supp. 3d 1, 4 (D.Mass. 2020). This is a "low bar" because "a claim can be considered 'debatable' even if every reasonable jurist would agree that the petitioner will not prevail." Olmande v. Ladouceur, 411 F.Supp. 3d. 185, 187 (D.Mass. 2019) (citing Miller-El v.

---

[1] There are two notices of appeal relating to Petitioner's *Motion*: the notice at Docket No. 102 was filed on December 13, 2024, due to Petitioner's mistaken belief that the Court had denied his *Motion* before the opinion and order at Docket No. 100 was issued. The notice at Docket No. 104 was filed on December 26, 2024, in response to the Court's opinion and order at Docket No. 100.

Cockrell, 537 U.S. 322, 338 (2003)). However, while the standard is easily met, it requires a petitioner to "prove 'something more than the absence of frivolity or the existence of mere good faith.'" Mack v. Alves, 588 F.Supp. 3d 150, 151 (D.Mass. 2022) (citing Miller-El, 537 U.S. at 338). When ruling on an application for a certificate of appealability, a district court must show "which specific issues satisfy the 'substantial showing' standard." Id. (citing 28 U.S.C. § 2253(c)(3)).

Here, the Court concludes that Petitioner cannot satisfy the standard articulated in Slack because there is no debate as to how the issues raised in Mr. Bronson's *Motion* should have been decided or whether they deserved encouragement to proceed further. 529 U.S. at 484. In short, Petitioner raises no argument that could satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3). The *Motion* frequently ventured into various tangents that were only vaguely related to Rule 60, and ultimately lacked developed or persuasive arguments that could conceivably allow success on the merits under Rule 60. (Docket No. 97 at 12-24). Petitioner's Rule 60(b)(6) argument – which is more properly characterized as a Rule 60(b)(2) argument – must fail as the "new" evidence proffered by Petitioner consists of his family members' opinions on his actual innocence and quality of his trial counsel, as well as their newfound willingness or ability to testify on Petitioner's behalf. (Docket No. 97-1). This information is

Case 3:19-cv-02163-RAM    Document 109    Filed 02/14/25    Page 4 of 4

Civil No. 19-2163 (RAM)                                                  4

neither material nor persuasive and relies at least partially on the relatives' discussions with Petitioner and review of his messages with his counsel that took place in and around 2017. Petitioner offered no persuasive explanation as to why these arguments took seven years to surface, which timespan is well beyond Rule 60(c)(1)'s one-year window for motions under Rule 60(b)(2) and Rule 60(b)(6)'s "reasonable time" standard. (Docket No. 100 at 5-7).

Although the standard for certificate of appealability is low, it is not met here. As Petitioner has not shown that reasonable jurists could debate whether he is entitled to relief under Rule 60, the Court concludes that Petitioner's *Motion* raises the type of unsubstantiated, frivolous arguments that § 2253(c)(2) is meant to guard against. *See* Mack, 588 F.Supp. 3d at 151. For the foregoing reasons, the Court hereby **DENIES** a certificate of appealability for Defendant's *Rule 60(b)(6) Motion* at Docket No. 97.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE